IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BATTS,<br><br>            Plaintiff,<br>   v.<br><br>BANKERS LIFE AND CASUALTY COMPANY; and DOES 1 to 50,<br><br>            Defendants.<br>_____/ | No. C 13-04394 SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** |

Defendant Bankers Life and Casualty Company has moved to dismiss plaintiff Timothy Batts' complaint, or in the alternative, for a more definite statement. Hearing on the motion is scheduled for November 22, 2013. Plaintiff's opposition and defendant's reply have been received and reviewed by the Court. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing.

In the alternative to his motion to dismiss, defendant moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Docket No. 5-1, Def.'s Mot. at 7-9. Rule 12(e) provides that a party may move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion should be granted when the complaint is so vague that the defendant cannot discern the nature of the plaintiff's claims and thus cannot frame a response. *See Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Boxall v. Sequoia Union High Sch. Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979).

As part of its motion for a more definite statement, defendant Bankers Life relies on several inconsistencies between the present complaint and a complaint that plaintiff had previously filed with the California Labor Commissioner against defendant. Docket No. 5-1, Def.'s Mot. at 8. In the present complaint, plaintiff alleges that he entered into an oral contract with defendant on August 15, 2011.

Docket No. 1, Compl. at 3. In the Labor Commissioner complaint, plaintiff alleged that he had a written agreement with defendant and that his employment was terminated on August 15, 2011. Docket No. 5-3, Weissman Decl. Ex. A.[1]  Further, as part of his claim for breach of contract in the present action, plaintiff alleges that defendant breached the contract by prohibiting him from contacting his clients. Compl. at 8.  But, plaintiff also alleges that defendant intentionally interfered with a prospective economic relationship on August 15, 2011 by preventing plaintiff from contacting his clients. *Id.* at 6. Therefore, it is unclear from the allegations in the complaint whether the contract was entered into on August 15, 2011 or whether it was breached on August 15, 2011.  In his opposition, plaintiff states that he does not oppose defendant's motion for a more definite statement and agrees to file an amended complaint.  Docket No. 16, Pl.'s Opp'n at 5.

Although defendant also moves to dismiss plaintiff's complaint on various substantive grounds, the Court concludes that it would be beneficial to the parties to first grant plaintiff leave to amend his complaint to attempt to resolve the ambiguities identified by defendant in its motion to dismiss and/or for a more definite statement.[2]  Accordingly, the Court GRANTS defendant's motion for a more definite statement and GRANTS plaintiff leave to amend the complaint.  Docket No. 5.  If plaintiff wishes to amend the complaint, plaintiff must do so by **December 9, 2013**.

**IT IS SO ORDERED.**

Dated: November 6, 2013

SUSAN ILLSTON
United States District Judge

---

[1] Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of the administrative complaint because it is part of the administrative record, and it is a matter of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] The Court's conclusion is without prejudice to defendant refiling its motion to dismiss once plaintiff has filed an amended complaint.