IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BATTS,<br><br>        Plaintiff,<br><br>   v.<br><br>BANKERS LIFE AND CASUALTY COMPANY,<br><br>        Defendant.<br>_____/ | No. C 13-04394 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |

Defendant Bankers Life and Casualty Company ("Bankers Life") moves to dismiss plaintiff Timothy Batts' first amended complaint. Defendant's motion was scheduled for hearing on January 24, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determined that this matter was appropriate for resolution without oral argument and vacated the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART defendant Bankers Life's motion to dismiss with leave to amend. If plaintiff wishes to amend his complaint, he must do so by **February 24, 2013.**

**BACKGROUND**

Plaintiff alleges that he and defendant entered into a written employment contract on May 7, 2011. Docket No. 24, FAC ¶ 2. Plaintiff alleges that defendant violated the terms of this employment agreement by terminating the contract without cause and failing to give him notice of its intent to terminate the contract prior to termination. *Id.* at ¶ 7. Plaintiff also alleges that defendant interfered

with his economic relationships with his clients and made misrepresentations to him regarding renewal commissions and other deferred compensation. *Id.* at ¶¶ 15, 24-26.

On August 14, 2013, plaintiff filed a complaint against Bankers Life in Alameda Superior Court, alleging causes of action for: (1) breach of contract, (2) fraud, and (3) intentional interference with a prospective economic advantage. Compl. at 3-6. On September 23, 2013, defendant removed the action from state court to this Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. Docket No. 1, Notice of Removal.

On November 6, 2013 the Court granted defendant's motion for a more definite statement and granted plaintiff leave to amend. Docket No. 22. On December 6, 2013 plaintiff filed his first amended complaint, alleging the same three causes of action as the original complaint. Docket No. 24, FAC.

By the present motion, defendant moves to dismiss all of the causes of action in plaintiff's first amended complaint. Docket No. 25, Def.'s Mot.

**LEGAL STANDARD**

To survive a rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering a motion to dismiss, the court may take judicial notice of matters of public record

United States District Court
For the Northern District of California

outside the pleadings. *See MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.  Res Judicata

Defendant argues that plaintiff's complaint should be dismissed because all of his claims are barred by the doctrine of res judicata. Docket No. 25-1, Def.'s Mot. at 2-3 (citing Docket No. 5-1 at 3-5). In arguing that plaintiff's complaint is barred by the doctrine of res judicata, defendant relies on the following prior action: On September 21, 2011, plaintiff filed a complaint against Bankers Life with the California Labor Commissioner based on his employment with defendant pursuant to a written agreement from May 3, 2011 to August 15, 2011. Docket No. 5-3, Weissman Decl. Ex. A.[1] In the administrative complaint, plaintiff sought (1) $5,352.00 for commissions earned from August 1, 2011 to September 20, 2011, (2) $637 in bonus wages earned from April 1, 2011 to June 30, 2011; and (3) additional wages accrued pursuant to California Labor Code § 203 as a penalty at a rate of $134.37 a day. *Id.* On May 15, 2012, the California Labor Commissioner issued a Notice of Dismissal, dismissing the complaint as a result of the parties' stipulated settlement agreement. *Id.* Ex. C.

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). When applying res judicata to a state court decision, federal courts give the same preclusive effect to that judgment as another court of that state would give, meaning that the court should apply the law of

---

[1] Along with its original motion to dismiss, Bankers Life filed a request for judicial notice, requesting that the Court take judicial notice of the complaint filed with the California Labor Commissioner and the Notice of Dismissal filed in that action. Docket No. 5-2, Request for Judicial Notice. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of these documents because they are part of the administrative record, and they are matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

3

1  res judicata as adopted by that state. *Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d
2  1142, 1148 (9th Cir. 2010) (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986)).

3        Under California law, "[r]es judicata bars a cause of action that was or could have been litigated
4  in a prior proceeding if '(1) the present action is on the same cause of action as the prior proceeding; (2)
5  the prior proceeding resulted in a final judgment on the merits; and (3) the parties in the present action
6  or parties in privity with them were parties to the prior proceeding.'" *Federal Home Loan Bank of San*
7  *Francisco v. Countrywide Financial Corp.*, 214 Cal. App. 4th 1520, 1527 (2013). The party asserting
8  res judicata bears the burden of establishing each element of the defense. *See Ferraro v. Camarlinghi*,
9  161 Cal. App. 4th 509, 529 (2008).

10        A final decision in an administrative adjudication may be given res judicata or collateral estoppel
11  effect in a subsequent judicial proceeding if the issues were identical in the administrative proceeding
12  and the agency was acting in a judicial capacity. *Brosterhous v. State Bar*, 12 Cal. 4th 315, 324 (1995).
13  Labor Commissioner decisions on wage claims under section 98 meet this standard. *See* Cal. Lab. Code
14  § 98.2; *Noble v. Draper*, 160 Cal. App. 4th 1, 12 (2008). But, "res judicata will bar a lawsuit only if the
15  claim[s] could have been raised in the prior proceeding." Noble, 160 Cal. App. at 12.

16        California Labor Code § 98 provides the Labor Commissioner with jurisdiction to adjudicate
17  claims "in any action [by an employee] to recover wages, penalties, and other demands for
18  compensation." Cal. Lab. Code § 98(a); *accord Noble*, 160 Cal. App. 4th at 12. Defendant argues that
19  plaintiff could have brought his claims for breach of contract, intentional inference, and fraud in his
20  action before the Labor Commissioner. Docket No. 5-1 at 4. However, defendant provides no authority
21  for this contention. To the contrary, in *Noble v. Draper*, the California Court of Appeal held that res
22  judicata did not bar the plaintiff's misrepresentation claims because there is nothing in section 98, giving
23  the Labor Commissioner jurisdiction to adjudicate preemployment tort claims. 160 Cal. App. 4th at 17
24  ("We conclude the Labor Commissioner did not have jurisdiction to decide the misrepresentation or
25  unfair business practice claims alleged in plaintiffs' complaint. Accordingly, the claim preclusion aspect
26  of res judicata does not bar plaintiffs' complaint."). Similarly, this Court does not find anything in
27  section 98 giving the Labor Commissioner jurisdiction over claims for intentional interference with a
28  prospective economic advantage or breach of contract claims that seek damages unrelated to wages and
compensation. The Court recognizes that it is possible that plaintiff's breach of contract claim may

**United States District Court**
For the Northern District of California

involve damages related to wages and compensation. However, at this stage in the litigation, it is unclear what specific damages plaintiff is seeking as part of his breach of contract claim. Therefore, at this time, defendant has failed to show that the claims at issue in the present action could have been brought before the Labor Commissioner.[2] Accordingly, the Court declines to dismiss plaintiff's claims as barred by res judicata.[3]

## II.     Breach of Contract

Plaintiff alleges a cause of action against defendant for breach of contract. Docket No. 24, FAC ¶¶ 6-11. Plaintiff asserts that defendant breached his employment contract by (1) terminating him without cause and (2) failing to give him notice of its intent to terminate his contract prior to actual termination. *Id.* ¶ 7. Plaintiff also alleges that defendant "verbally advised" him that the contract was terminated.[4] *Id.* ¶ 8. Defendant argues that plaintiff's claim should be dismissed because the alleged verbal advisement is sufficient to satisfy the notice requirement in the contract for termination without cause. Docket No. 28, Def.'s Reply at 5.

To state a claim for breach of contract under California law, plaintiff must plead facts establishing the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226 (2008). Under California law, the modern approach

---

[2] Defendant has also failed to show that plaintiff's claims are barred by the settlement agreement the parties entered into before the Labor Commissioner. The settlement agreement states that "Plaintiff agrees to release, remise and forever discharge Defendant from any and all claims asserted in the Complaint." Docket No. 5-3, Weissman Decl. Ex. B. The administrative complaint only asserted claims for wages and compensation due under the contract. *Id.* Ex. A. It did not contain a claim for intentional interference with a prospective economic advantage or a claim for fraud. Moreover, at this stage in the litigation, it is unclear what specific damages plaintiff is seeking as part of his breach of contract claim. Therefore, plaintiff has failed to show that the settlement agreement applies to plaintiff's claims.

[3] The Court's denial of defendant's res judicata defense as it pertains to plaintiff's claim for breach of contract is without prejudice to defendant reasserting that defense later in the litigation, such as through a motion for summary judgment.

[4] In the first amended complaint and in their briefing, both parties use the term "verbally advised." The word "verbally" is defined as "of or relating to facility in the use and comprehension of words." MERRIAM-WEBSTER COLLEGIATE DICTIONARY 1389 (11th ed. 2008). Therefore, a verbal advisement can be either oral or written. For the purposes of this motion, the Court will assume that plaintiff means that the advisement was given orally.

5

to contract interpretation is to look for the "expressed intent, under an objective standard." *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 107 Cal. App. 4th 516, 132 (2003). To put it another way, "the court is bound to give effect to the plain and ordinary meaning of the language used by the parties." *Id.* at 158 (quoting *Coast Plaza Doctors Hospital v. Blue Cross of California*, 83 Cal. App.4th 677 at 684). Although contract interpretation requires taking the contract together as a whole, when no ambiguity is presented the plain meaning controls. *See* Cal. Civ. Code § 1641; *Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 396 (2006).

Paragraph 22(a) of the contract states, "[e]ither party may terminate this contract at will, without cause, by giving notice to the other party of the intention to terminate this contract." Docket No. 24-1, FAC Ex. 1, Agent Contract. Plaintiff alleges that on or about August 15, 2011, defendant orally advised him that the contract was terminated. FAC ¶ 8. Defendant argues that this alleged oral advisement was sufficient to comply with paragraph 22(a) of the contract. Def.'s Mot. at 3-4. The Court disagrees. Paragraph 22(a) requires that the party give notice of "the intention to terminate th[e] contract." Docket No. 24-1, FAC Ex. 1, Agent Contract. Intent to terminate the contract is not the same as the termination itself. Plaintiff alleges that he was advised by defendant that the contract was terminated, not that defendant intended to terminate the contract at some future time. Defendant argues that the contract does not require a specific amount of advance notice, and, therefore, the notice of intent to terminate could be given at the same time as the termination. Def.'s Reply at 5. Although it is true that the contract does not specify the amount of advance notice to be given, if the notice of intent to terminate could be given contemporaneously with termination the contract, then there would never be a need to provide notice of the intent to terminate the contract. The requirement would be rendered a nullity. Further, that the notice under paragraph 22(a) must be given in advance of the termination is also supported by contrasting paragraph 22(a), which requires notice of intent to terminate, with paragraph 22(d), which states "[t]he Company may terminate this Contract immediately for cause." Docket No. 24-1, FAC Ex. 1, Agent Contract. Accordingly, the Court declines to dismiss plaintiff's cause of action for breach of contract.

**III.   Intentional Interference With a Prospective Economic Advantage**

Plaintiff alleges a cause of action against defendant for intentional interference with a prospective economic advantage. Docket No. 24, FAC ¶¶ 12-19. Defendant argues this claim should

6

be dismissed because plaintiff fails to allege that defendant engaged in wrongful conduct independent of the interference itself. Docket No. 25, Def.'s Mot. at 4-5.

The elements of a cause of action for intentional interference with a prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximally caused by the acts of the defendant. *Korea Supply Co, v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). In order to satisfy the third element, the plaintiff must plead and prove that "the defendant's conduct was 'wrongful by some legal measure other than the fact of interference itself.'" *Id.* at 1153-54. "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 1159.

Here, plaintiff fails to adequately allege that defendant engaged in an independently wrongful act. In the first amended complaint, plaintiff relies on defendant's alleged breach of contract to serve as the independent wrongful act. Docket No. 24, FAC ¶ 15. However, a breach of contract cannot constitute the "wrongful" conduct required for the tort of intentional interference with prospective economic advantage. *See JRS Products, Inc. v. Matsushita Electric Corp. of Am.*, 115 Cal. App. 4th 168, 183 (2004) ("[W]rongful or not, the termination [of the contract] is not 'independent' of Panasonic's interference with JRS's interest. . . . [A] breach of contract claim cannot be transmuted into tort liability by claiming that the breach interfered with the promisee's business."); *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 478-79 (1996) ("[F]undamentally, [plaintiff] complains that [defendant] terminated the parties' bonding relationship without good cause. Such a complaint sounds in contract, not tort. A contracting party's unjustified failure or refusal to perform is a breach of contract, and cannot be transmuted into tort liability by claiming that the breach detrimentally affected the promisee's business."). Therefore, plaintiff has failed to properly plead the

third element of his claim for intentional interference with prospective economic relations.[5] Accordingly, this claim is dismissed with leave to amend.

## IV.     Fraud

Plaintiff alleges a cause of action for fraud. Docket No. 24, FAC ¶¶ 23-31. Defendant argues that this claim should be dismissed because plaintiff fails to allege sufficient facts to state a claim for fraud and the allegations fail to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). Docket No. 25, Def.'s Mot. at 5; Docket No. 28, Def.'s Reply at 7.

A claim of fraud must satisfy the following elements: "(1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or 'scienter'); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997) (citation omitted). "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1103 (9th Cir. 2003). To satisfy 9(b)'s heightened pleading standard, "[a]verments of fraud must be accompanied by the 'who, what, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir 1997); *see also In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("[A] plaintiff must set forth what is false or misleading about a statement, and why it is false.").

In the first amended complaint, plaintiff alleges that "[d]efendant represented to plaintiff that plaintiff's compensation including renewal commissions . . . would continue in the event Plaintiff was terminated without cause." Docket No. 24, FAC ¶ 24. Plaintiff also alleges that "[d]efendant's representations were false" and that defendant "knew their representations were false . . . ." *Id.* ¶¶ 25-26. However, these allegations do not sufficiently allege the circumstances surrounding the misrepresentation. Plaintiff does not describe which individual(s) made the statements, the location of

---

[5] In his opposition, plaintiff refers to defendant's alleged violation of California Business and Professional Code § 16600 as an independent legal wrong in support of his claim for intentional interference. Pl.'s Opp'n at 6-7. However, there are no allegations in the first amended complaint accusing defendant of violating section 16600. Statements made in an opposition brief cannot amend the complaint. *Missud v. Oakland Coliseum Joint Venture*, 2013 U.S. Dist. LEXIS 29915, at *39 (N.D. Cal. Mar. 5, 2013). Therefore, if plaintiff seeks to allege that defendant violated section 16600, he must amend his complaint. *See Vaccaro v. CVS Pharm., Inc.*, 2013 U.S. Dist. LEXIS 99991, at *2 n.1 (S.D. Cal. July 16, 2013).

8

the conversation, or the context of the statements. Additionally, plaintiff does not explain how the representations are false. For example, plaintiff does not allege that after his termination, defendant did in fact discontinue his compensation. Accordingly, the Court dismisses plaintiff's claim for fraud with leave to amend.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the first amended complaint and GRANTS plaintiff leave to amend his first amended complaint. Should plaintiff choose to file a second amended complaint, it shall be consistent with the terms of this order and must be filed on or before **February 24, 2013.**

**IT IS SO ORDERED.**

Dated: January 27, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

9